In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by JOSEPH C. MUNTERFERING, Respondent.

ELMER F. ANDREWS, as Industrial Commissioner, Appellant.

Third Department, January 18, 1939.

*John J. Bennett, Jr., Attorney-General* [*W. Gerard Ryan, Assistant Attorney-General,* and *Henry Epstein, Solicitor-General,* of counsel], for the appellant.

No appearance for the respondent.

CRAPSER, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which reversed the decision of the referee.

The respondent filed a claim on February 1, 1938, with the Industrial Commissioner for unemployment insurance benefits. Benefits were refused for the reason that the respondent had insufficient earnings during his base year which consisted of the first three calendar quarters in the preceding year of 1937. The respondent raised no objection to this determination.

Thereafter and on March 16, 1938, the respondent demanded the right to refile his claim for benefits, alleging that he had the right to begin his statutory waiting period time on March 16, 1938, instead of April 1, 1938, because he would be entitled to benefits in the second calendar quarter of 1938 on the basis of his earnings in his new base year consisting of the entire calendar year 1937.

The office manager of the local State employment office determined that the respondent could not refile his claim until the calendar quarter occurred in which the respondent was eligible for benefits and that, therefore, April 1, 1938, was the first date on which the respondent could again file a claim for benefits. The respondent thereupon duly requested a hearing on the question before an Unemployment Insurance Referee, which hearing was held and conducted on May 27, 1938, and, at the conclusion thereof, the referee upheld the determination of the local office manager. The respondent thereupon duly appealed from the referee's decision to the Unemployment Insurance Appeal Board which reversed the decision of the referee.

The Industrial Commissioner thereupon appealed to this court from the decision of the Board.

Article 18 of the Labor Law, sections 500–531, is known as the Unemployment Insurance Law. Unemployment insurance benefits are paid from a fund known as the unemployment insurance fund which consists of contributions paid by employers who are subject to the act.

Payments are made by the Industrial Commissioner from this unemployment insurance fund to eligible unemployed persons who are capable of and available for employment. The time during which the eligible employee draws benefits is known as the " benefit year." The rate, duration and the amount of benefits payable to

the eligible employee during the benefit year depend upon his earnings during a period of time preceding the benefit year, which is known as the " base year."

" ' Benefit ' means the money allowance payable to an employee as provided in this article."

Unemployment insurance benefits were not payable before January 1, 1938.

Not every unemployed person is entitled to benefits. He must have been an employee as defined (§ 502, subd. 2), employed by an employer as defined (§ 502, subd. 3), in defined employment (§ 502, subd. 1). Further, during his base year he must have earned in such insured employment at least eighteen times his weekly benefit rate (§ 503, subd. 3, ¶ c).

The rate is one-half the full-time weekly wage during the base year (§ 505, subd. 1). Full-time weekly wage is determined by dividing the base year into calendar quarters, ascertaining the highest weekly wage in insured employment during each quarter of the base year; then disregarding the highest and lowest weekly wage of the four amounts thus obtained; the average of the remaining amounts being the full-time weekly wage (§ 502, subd. 9).

Such eligible employee, therefore, would be entitled to benefits for weeks of unemployment, subject to the maximum of sixteen weeks in any benefit year and further subject to the limitation that his total amount of benefits shall not exceed " the larger of the following amounts: either (a) one-sixth of the total wages paid to him during his base year; or (b) one-sixth of the total wages paid to him during a period comprising the first four of the last five completed calendar quarters immediately preceding the first day of any week in the benefit year with respect to which benefits are payable to him." (§ 507.)

In addition to the foregoing statutory requirements that minimum earnings in the base year are necessary to qualify for benefits, certain other requirements must be satisfied before benefits are payable. The employee must be totally unemployed, capable of and available for employment (§ 502, subd. 10). He must give notice of his unemployment to the Industrial Commissioner (§ 504, subd. 1). He must wait a prescribed waiting period after giving notice of his unemployment, which will be three consecutive weeks of unemployment, or a total of five weeks, which need not be consecutive, unless a ten-week waiting period be imposed for loss of his employment through misconduct, strike, lockout or other industrial controversy, or if he has willfully made a false statement or representation to obtain any benefit payments (§ 504, subd. 2).

Any benefit payable to the respondent during the first calendar

quarter of 1938, by express exception contained in section 502, subdivision 8 of the Labor Law, prior to amendment on April 1, 1938, had to be computed on the basis of earnings during the first three calendar quarters in the year 1937.

Prior to April 1, 1938, section 502, subdivision 8, of the Labor Law read as follows:

" 8. ' Base year ' with respect to any employee means the first four of the last five completed calendar quarters immediately preceding the first day of any calendar week with respect to which benefits are payable to such employee, except that during the first calendar quarter of nineteen hundred thirty-eight, the base year shall mean the first three of the last four completed calendar quarters immediately preceding the first day of any calendar week with respect to which benefits are payable."

The respondent conceded that he did not have sufficient earnings during the first three calendar quarters in 1937 to qualify for benefits during the first calendar quarter of 1938.

The Board construed section 502, subdivision 8, in order to ascertain the base year applicable to a filing for benefits on March 16, 1938, as follows:

" The first day of the ' week with respect to which benefits are payable ' in the case before us would be the first day of the fourth week following March 16. This calculation is arrived at pursuant to the provisions of Section 504.1█ of the Labor Law which requires a minimum uninterrupted waiting period of three consecutive full weeks after registration. Hence, April 6, 1938, is the first day of claimant's first compensable week as contemplated in the foregoing definition of ' base years.'

" April 6, 1938, falls within the second calendar quarter of 1938 and in accordance with the express provisions of Section 502.8█ the claimant's base year is therefore the ' first four of the last five completed calendar quarters immediately preceding ' April 6, 1938. In other words, the full year of 1937. Since it is conceded that claimant had earnings during 1937 of more than eighteen times his weekly benefit, it follows that on March 16 he had sufficient earnings during his base year to entitle him to benefits.

" We therefore hold that on March 16, 1938, the claimant was entitled to benefits and should have been permitted to register."

The Board figured claimant's base year to be the whole of 1937 whereas the section in question provides that during the first calendar quarter of 1938, the base year shall mean the first three

of the last four completed calendar quarters immediately preceding the first day of any calendar week with respect to which benefits are payable. During this period the claimant or respondent did not have sufficient earnings to qualify for benefits during the first calendar quarter of 1938.

The Board ruled as a matter of law that the respondent's base year on March 16, 1938, was the four calendar quarters in 1937 instead of as provided by the section in question, the three calendar quarters of 1937, and the result was that the respondent was allowed to accumulate statutory waiting time during a period when he was ineligible for benefits, namely, from March sixteenth to March thirty-first.

The Board said: " The question which presents itself for determination is whether the claimant was entitled to register for benefits on March 16, 1938. If he was entitled to benefits on that date, there can be no question that he should have been permitted to register and thus begin to accumulate the waiting period required by the act."

This law confers rights only on those persons included in the statutory definition of employee (§ 502, subd. 2), who in addition satisfy the eligible requirements set forth in sections 503, 504.

Section 503, subdivision 3, paragraphs (a) (b) and (c) of the Labor Law are set forth in the conjunctive as follows:

" No employee shall be entitled to any benefits unless he

" (a) is suffering total unemployment as defined in this article; and

" (b) has, as provided in this article, registered as totally unemployed and reported for work or otherwise given notice of the continuance of his unemployment; and

" (c) unless wages have been paid to him within his base year equal to not less than eighteen times his benefit for a week of total unemployment."

It is clear from this foregoing statutory provision that the conditions enumerated in paragraphs (a) (b) and (c), *supra*, must be satisfied together. Therefore, it follows that if an employee has failed to earn eighteen times his benefit rate in his base year, he cannot register for benefits any more than he could register for benefits unless he were totally unemployed.

Section 504 of the Labor Law, as amended, effective April 1, 1938, provides: " Any week of waiting period which includes any of the days from March seventeenth to and including March thirty-first shall be deemed to have been accumulated both within the current benefit year and within the benefit year commencing on April first immediately following."

This amendment, however, does not allow the respondent to accumulate waiting period beginning March 16, 1938, because respondent was still ineligible for benefit payments at all times prior to April 1, 1938.

The amendment of subdivision 1 of section 504 avoided hardships on those employees already eligible for benefits in the first calendar quarter of 1938. The respondent did not come within that class, he was ineligible during the first quarter of 1938 and, therefore, could not accumulate waiting time in that quarter.

The position taken by the local State employment office manager that the claimant was not entitled to register for benefits on March sixteenth, since he was ineligible for benefits during the first three months of 1938, and which interpretation or determination was affirmed by the Unemployment Insurance Referee in his decision, was a correct and proper determination of the statute.

The decision of the Board because it permitted the respondent-claimant to accumulate a waiting time within a period when he was ineligible for benefits is reversed and the decision of the referee is affirmed.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Decision of the Unemployment Insurance Appeal Board reversed, and decision of the referee affirmed.