Saittry, J.
There is no dispute as to the facts in this case. The claimant, a photostat operator, filed a claim for benefits on June 7, 1948. The claim was based on earnings in covered employment for the year 1947. The claimant earned $522 in the first calendar quarter and $84 in the second calendar quarter, making a total of $606 for the calendar year. He had no earnings in the third or fourth quarters of that year. The claim was rejected on the ground that the claimant’s qualifying wages in the base year were insufficient to make him eligible for benefits.
The provisions of the Unemployment Insurance Law (Labor Law, art. 18), so far as pertinent here, are as follows:
“ § 590. Bights to Benefits.
“ 1. Eligibility for benefits. A claimant shall be entitled to accumulate effective days for the purpose of benefit rights only if he
*179 “ (a) * * *
“ (b) has been paid qualifying wages as provided in subdivision two hereof in the base year which, in accordance with section five hundred twenty of this article, applies to the benefit year for which the claim for benefits is made.
“ 2. Rate and qualifying wages. Benefits shall be paid to a claimant from the fund at the rate set forth in column 6 B ’ following on the same horizontal line on which in column ‘ A ’ there appear the total wages paid him in that quarter of the base year in which such total wages were highest; provided that the total wages paid him during the base year are at least equal to the amount set forth bn the same horizontal line in column ‘ 0 ’.

Applying the formula set forth above to the facts in this case, it appears that the wages earned by the claimant in the highest quarter of the base year places him in the fourth line from the bottom in column “A ”, which covers earnings ranging from $517.00 to $539.99. Following this horizontal line across to column “ B ”, his benefit rate appears at $23. Therefore, the claimant would be entitled to receive $23 for each accumulation of four effective days provided that the total wages paid him during the base year were at least equal to the amount set forth on the same horizontal line in column11 C ”. Following the same horizontal line across to column “ C ”, it appears that the qualifying wage for the base year amounts to $690. As the claimant’s total wages for the base year were only $606, it follows that he is not eligible to receive benefits under the law.
*180 The claimant urges that the formula should be applied in reverse order to that indicated above. That is, with his total wage as the starting item, he should be permitted to go up column “ G ” to the line where his total wage equals or exceeds the amount specified in such line. In the claimant’s case this would be the seventh line from the bottom, where the amount set out is $600. Then, the claimant asserts, he should be permitted to follow this seventh horizontal line to the left into column “ B ”, where the benefit rate appears at $20; and finally, to follow this line to column “ A ” where the wages for the highest quarter is placed in the range from $448 to $470.99. He then draws the conclusion that inasmuch as the range of earnings for the highest quarter specified in the seventh line from the bottom are less than his actual earnings, the larger amount includes the smaller, and he must be deemed to have earned the amount specified in the seventh line. Consequently, he claims that he is entitled to benefits at the $20 rate specified in such line. The argument is ingenious, but it runs counter not only to the express provision of the statute, but likewise to the purpose and intent for which the law was enacted.
It is not the purpose of the Unemployment Insurance Law to confer benefits on every person out of employment. The statute is not intended to apply to casual and intermittent workers who are allergic to steady employment, but is designed to benefit workers who seek and normally engage in substantial periods of employment continuously during each working year. (Matter of Munterfering, 256 App. Div. 151.) Workers earning less than $300 a year are entirely excluded from consideration under the statute.
To accomplish the purpose of the law the statute set up certain definite standards which must be met before a claimant is eligible to receive any benefits. Section 590 provides that a claimant shall be entitled to benefit rights only if he has been paid qualifying wages in the base year as provided in subdivision 2 of such section. Subdivision 2 sets out a complete tabulated formula from which it is to be determined whether a claimant has received qualifying wages to make him eligible for benefit payments, and if he has, the rate at which such payments are to be made. Subdivision 2 specifies that a claimant shall be paid at the rate set forth in column “ B ” of the formula following on the same horizontal line on which in column “ A ” there appears the total wages paid him in that quarter of the base year in which such total wages were highest, but only provided that the total wages paid him during the base year are at least equal to the amount *181 set forth, on the same horizontal line in column “ 0 ”. The text and the formula together definitely prescribe the method of determining whether a person is eligible to receive benefits. If a claimant’s wage record does not meet the requirements of the statute for eligibility he is not entitled to the benefits provided by the law.
A claimant is entitled to no benefits except those provided by statute. The Legislature had the right to specify the conditions which had to be met to constitute eligibility for benefits, and when such conditions are clearly and definitely set forth, they cannot be modified or ignored in determining whether a claimant is entitled to receive benefits under the act. In the present case the claimant would have been entitled to benefits if his qualifying wages had equalled or exceeded $690. His qualifying wages amounted to only $606. He was, therefore, not entitled to benefits under the law.
The decision of the Unemployment Insurance Appeal Board should be affirmed, without costs.
Foster, P. J. Heeeernan, Beto and Bergan, JJ., concur.
Decision of the Unemployment Insurance Appeal Board affirmed, without costs. [See post, p. 717.]